## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GEORGE COLEMAN,

                    Plaintiff,                      Case Number: 4:05-CV-40394

v.                                                HON. PAUL V. GADOLA

K. PERCIN,

                    Defendant.

_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff George Coleman has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff claims that the defendant, K. Percin, a Westland police officer, falsified evidence against him, withheld evidence, conspired to make false statements, and engaged in other unlawful acts leading to his conviction for criminal sexual conduct.

A judgment in favor of Plaintiff on the claims contained in his complaint would necessarily

---

[1]    28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

imply the invalidity of his continued confinement. In *Heck v. Humphrey*, 512 U.S. 477, 486-87

(1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be dismissed
> unless plaintiff can demonstrate that the conviction or sentence has already been
> invalidated.

*Id.* at 486-87. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging

the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973).

Thus, if Plaintiff wishes to assert the claims contained in the pending complaint, he must do so by

filing a habeas corpus petition under 28 U.S.C. § 2254. The Court declines to construe Plaintiff's

complaint as a habeas corpus petition because he does not allege that his claims are exhausted, *see*

*Parker v. Phillips*, 27 Fed. Appx. 491, 494 (6th Cir. 2001). Further, the Court declines to construe

the complaint as a habeas corpus petition because Plaintiff may want to assert additional or different

claims for relief in a habeas corpus petition than those contained in the complaint.

For the foregoing reasons, the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2),

for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

Dated:   January 25, 2006          s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

2

Certificate of Service

I hereby certify that on   January 26, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   George Coleman   .


s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845

3